UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALYSSA L. OGDEN,

    Plaintiff,

v.                                               CASE NO: 8:08-cv-1187-T-26TBM

HILLSBOROUGH COUNTY, FLORIDA,
and KEVIN WHITE, individually and in his
official capacity,

    Defendants.
_____/

**O R D E R**

    The Court has for its consideration Defendant Hillsborough County's (the County's) Motion and Memorandum of Law to Dismiss the Amended Complaint and Plaintiff's Response.[1] The Court, consistent with the recently decided Supreme Court case of Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), has accepted the factual allegations of Plaintiff's complaint as true, has construed those allegations in the light most favorable to Plaintiff, and has viewed those allegations from the perspective of whether Plaintiff has satisfied her obligation of providing grounds for her entitlement to relief above the speculative level. Accord Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).[2]

---

[1] See dockets 12 and 17.

[2] The Court notes that the County's attorney incorrectly relies on Conley v. Gibson, 355 U.S. 41, 45-46 (1957), for the standard of review with regard to whether a complaint states a claim for relief, a standard that was abrogated in Twombly.

Measured against this standard, the Court has no difficulty in concluding that Plaintiff has stated claims for which relief may be granted against the County.

Plaintiff has sued the County, as well as one of its county commissioners, Kevin White (White), in a three-count amended complaint which was removed to this Court from a Florida state court.[3]  In count one, she alleges pursuant to 42 U.S.C. § 1983 that the County and White violated her right to the equal protection of the laws as guaranteed by the Fourteenth Amendment by engaging in sexual harassment resulting in discrimination by virtue of her sex and her termination as White's aide.  In count two, Plaintiff claims under the auspices of the Florida Civil Rights Act (FCRA), sections 760.01-760.11, Florida Statutes, that the County and White subjected her to sexual harassment.  Finally, in count three, Plaintiff asserts a cause of action for retaliation under the FCRA.

The County has responded by moving to dismiss her claims under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  It contends that counts one, two, and three fail to state claims for relief and that this Court lacks jurisdiction over counts two and three because Plaintiff failed to exhaust her available administrative remedies.  The County's contentions lack merit for the following reasons.

As to count one, the County argues that it cannot be held liable under § 1983 for the constitutional tort of its employee, White, by virtue of the concept of respondeat superior.  It contends in that regard that "[t]he Amended Complaint fails to allege any conduct of Commissioner White that represents an official policy or practice of the County and certainly does not allege any conduct that was taken under the color of state law."  Plaintiff counters with

---

[3] See dockets 1 and 2.

the argument that she has alleged sufficient facts demonstrating that White was "an official policy maker" for the County with respect to the employment actions he undertook against Plaintiff in his official capacity as a county commissioner. Given the well pleaded allegations of Plaintiff's complaint, her argument carries the day under well settled Eleventh Circuit precedent. See, e.g., Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003) (observing that "[m]unicipal liability may arise with regards to an employment decision, such as termination, provided that the decisionmaker 'possesses *final authority* to establish *municipal policy* with respect to the action ordered.") (emphasis in original) (citing Penbauer v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)); Martinez v. City of Opa-Locka, Fla., 971 F.2d 708, 713 (11th Cir. 1992) (stating that "[a]lthough local governments cannot be held liable on a theory of respondent superior (citation omitted), a single decision by an official policymaker can establish the existence of an unconstitutional municipal policy."); accord Kamensky v. Dean, 148 Fed. Appx. 878, 880 (11th Cir. 2005). Of course, whether Plaintiff can demonstrate that White is an "official policymaker" with regard to his decision to terminate Plaintiff is for another day within the context of a fully developed record in light of the guiding principles of City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 125, 108 S.Ct. 915, 924, 99 L.Ed. 2d 107 (1988).

     With regard to counts two and three, the County contends that Plaintiff failed to exhaust her administrative remedies under the FCRA. As Plaintiff correctly points out, however, and as reflected in her filings with the Equal Employment Opportunity Commission (EEOC) on November 13, 2007, which are attached to her response as Exhibits D and F, she "dueled-filed" her charge of discrimination with the EEOC, as well as the Florida Commission on Human

Relations, which is the agency responsible for investigating violations of the FCRA. Finally, with respect to count three, and the County's assertion that it fails to state a claim for retaliation under the FCRA, the Court agrees with Plaintiff's observation "that the issue regarding whether 'her objections' and 'complaints' to Commissioner White constituted protective activity is premature at this point." That issue may be raised again within the context of a motion for summary judgment following discovery.

Accordingly, it is ordered and adjudged that the County's Motion to Dismiss the Amended Complaint (Dkt. 12) is denied. The County shall file its answer and defenses within 10 (ten) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on July 24, 2008.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record