**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ALYSSA L. OGDEN,

    Plaintiff,

v.                                           CASE NO: 8:08-cv-1187-T-26TBM

HILLSBOROUGH COUNTY,
FLORIDA, and KEVIN WHITE,
individually,

    Defendants.
_____/

**O R D E R**

Pending before the Court is the motion for summary judgment and memorandum of law filed by Defendant Hillsborough County (the County),[1] which is accompanied by a statement of undisputed facts and extensive exhibits.[2] Plaintiff Alyssa Ogden (Ogden) has countered by filing a response in opposition to which she attaches relevant exhibits,[3] as well as her own statement of disputed facts.[4] After careful consideration of the parties' submissions, the Court concludes that the County's motion is due to be denied because it has utterly failed to meet its burden of establishing its entitlement to final summary

---

[1] See docket 54.

[2] See dockets 55 and 64.

[3] See docket 78.

[4] See docket 79.

judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court is also of the opinion, as will be explained later in this order, that the pending motion for summary judgment of Defendant Kevin White (White)[5] should likewise be denied even though Ogden has yet to file a response.

In her response, Ogden has narrowed the focus of her claims for relief against both the County and White, as a result of her termination from employment as White's administrative aide in his capacity as a Hillsborough County Commissioner. She represents that she is only seeking relief under the Equal Protection Clause of the United States Constitution pursuant to 42 U.S.C. § 1983, as well as the Florida Civil Rights Act of 1992, §§ 760.01-760.11 (the FCRA), for tangible employment action sexual harassment and is withdrawing her claims for retaliation under § 1983 and the FCRA.[6] Given this development, the Court's task in resolving the County's motion, as well as White's motion, becomes an easier one, especially when viewing the evidence in the light most favorable to Ogden as the Court must do at this juncture of the proceedings.

In order to prevail on her claims against the County, Ogden must demonstrate that she was deprived of a federal right by a person acting under color of state law. See

---

[5] See docket 67.

[6] Because the FCRA is patterned after Title VII, and because both Title VII and § 1983 claims for sexual harassment have the same requirements of proof and present the same analytical framework, the Court's analysis of Ogden's claims under § 1983 and the FCRA must be governed by the same principles of law. See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (citing Almand v. Dekalb County, Georgia, 103 F.3d 1510, 1513 (11th Cir. 1997)).  In this case, Ogden must specifically prove that she was deprived of the constitutional right to be free from unlawful sex discrimination and sexual harassment during the period of her public employment with the County, together with a discriminatory motive or purpose.  See Cross v. State of Alabama, 49 F.3d 1490, 1507 (11th Cir. 1995) (stating that appellees had a constitutional right to be free from unlawful sex discrimination and sexual harassment in public employment but must prove discriminatory motive or purpose in order to establish a violation of the Equal Protection Clause) (citations omitted).

Assuming Ogden overcomes these proof-imposed hurdles, in order to impose liability on the County, she must then establish that the deprivation of her constitutional right under the Equal Protection Clause to be free from sexual discrimination and harassment during the tenure of her public employment was traceable to an official custom or policy of the County.  See Griffin, 261 F.3d at 1307.  In this case, such an imposition of liability on the County may consist of proof that an employment decision, such as termination, was made by a decisionmaker, in this case White, possessing final authority to establish municipal authority with respect to the action taken.  See Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003) (and cases cited).

Measured against these standards, Ogden has presented sufficient detailed evidence to withstand the entry of summary judgment on behalf of the County.  When analyzed in the light most favorable to Ogden, the record-based evidence submitted by

her clearly establishes the following. First, White, at all material times, was acting under color of state law within the meaning of § 1983. As in Griffin, White "used his authority as [Ogden's] boss on a daily basis to harass and humiliate her during and after work hours both at the workplace and [County-] related functions." 261 F.3d at 1307. Consequently, Ogden has met her burden of overcoming summary judgment on the issue of a person acting under color of state law by establishing that, again as in Griffin, White "engaged in a pattern of unconstitutional behavior against [Ogden] while in the course of his official duties at the workplace, and such unconstitutional activity continued, and in fact, escalated outside the workplace." Id.

    Second, Ogden has amply demonstrated through her record-based submissions that White, in his role as a Hillsborough County Commissioner, was a final decisionmaker with regard to the policy of hiring and terminating her as his administrative aide and that such a decision was insulated from further review. Indeed, in a letter written by the County's attorney to the Equal Opportunity Employment Commission in response to Ogden's administrative charge of discrimination, the County admitted that "Commissioner White has the right to fire without review" and that "Commissioner White had plenary power of appointment and removal."[7] Hence, as in Martinez v. City of Opa-Locka, 971 F.2d 708, 713-715 (11th Cir. 1992), Ogden has shown that White's

---

[7] See Exhibit G to Plaintiff's response, pages 4 and 6.

decision to hire or fire administrative personnel such as Ogden was completely insulated from review, thus subjecting the County to § 1983 liability.

Third, the Court agrees with Ogden's contention that she has presented a viable claim for sexual harassment under both § 1983 and the FCRA. Under her "tangible employment action" theory, Ogden has indisputably demonstrated on the record before the Court that, as a consequence of the vexatious sexual harassment visited upon her by White, she suffered a "tangible employment action" that inflicted economic harm on her by being terminated by White from her position as his administrative aide. See Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). Thus, the County's so-called Faragher/Ellerth affirmative defense,[8] which only comes into play when the sexual harassment involves no adverse "tangible employment action," simply does not apply within the factual contours of this case. Id.

Finally, in light of Ogden's abandonment of her retaliation claim and the narrowing of her claims under § 1983 and the FCRA, and based on the preceding factual and legal analysis, the Court is of the opinion that White's pending motion for summary judgment should likewise be denied because (1) the Court has necessarily rejected in this order his argument that he was not acting under color of state law at the time he allegedly perpetrated multiple acts of sexual harassment on Ogden, (2) his arguments opposing

---

[8] See Faragher v. City of Boca Raton, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) and Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

Plaintiff's retaliation and hostile work environment claims are moot, and (3) Ogden has presented sufficient evidence from which a jury could determine that, notwithstanding White's proffered legitimate, nondiscriminatory reasons for terminating Ogden's employment, an unlawful discriminatory animus in fact permeated and motivated White's decision to terminate her employment.  That is, Ogden at this juncture of the proceedings "has cast sufficient doubt on [White's] proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that [his] proffered legitimate reasons were not what actually motivated [his] conduct." Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation marks and citation omitted); accord Crawford v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008) (citing and quoting Combs).  Given these determinations, the Court needs no response from Plaintiff to White's motion for summary judgment.

In closing, the Court deems it appropriate to remind any reader of this order that in arriving at the decision to deny summary judgment to both the County and White, the Court was guided by a legal standard that mandated the Court to view all the evidence in the light most favorable to the non-moving party, in this case Ogden, and additionally to draw every reasonable inference in her favor from that evidence. See Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008) (citing and quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)).  In doing so, the Court was obligated to believe the evidence submitted by Ogden in her role as the nonmoving party and was expressly prohibited from undertaking credibility determinations or the weighing of the evidence since those are the exclusive functions of the jury.  Id.  Having

scrupulously adhered to those guiding legal principles, the Court could arrive at only one conclusion: the County and White are nor entitled to summary judgment inasmuch as Ogden presented direct evidence that, if believed by a jury, would be sufficient to prevail at trial on her claims, thereby precluding the entry of summary judgment even in the face of the County and White's conflicting evidence.  See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996); accord Secondo v. Campbell, 2009 WL 931686 *3 (11th Cir. April 8, 2009) (unpublished) (citing Mize).

Moreover, the Court is of the further opinion that this case presents a factual scenario which supports a reasonable belief that the better course would be to deny summary judgment and to proceed to a full trial on the merits.  See Lind v. United Parcel Serv., Inc., 254 F.3d 1281, 1285 (11th Cir. 2001).  Having expressed that opinion, however, Plaintiff should be well aware that the mere fact that the Court has denied summary judgment does not mean that the County and White will not prevail following a motion for judgment as a matter of law submitted pursuant to Rule 50 of the Federal Rules of Civil Procedure.  See, e.g., Abel v. Dubberly, 210 F.3d 1334, 1337 (11th Cir. 2000) (observing that "[b]inding precedent in this Circuit, however, expressly permits consideration of a Rule 50 motion after the denial of summary judgment.") (footnote omitted) (and cases cited); see also Gleason v. Title Guarantee Co., 317 F.2d 56, 58 (5th Cir. 1963) (stating that "[s]ound practical reasons . . . may justify a trial judge's denying

summary judgment even on the identical evidence supporting his granting a directed verdict.").[9]

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that the County's Motion for Summary Judgment (Dkt. 54), as well as White's Motion for Summary Judgment (Dkt. 67), are **denied**.  This case will proceed to trial sometime during the trial month of August 2009 commencing August 3, 2009.

**DONE AND ORDERED** at Tampa, Florida, on June 24, 2009.

       s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record

---

[9] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cit. 1981 (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.