UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALYSSA L. OGDEN,

    Plaintiff,

v.

Case No: 8:08-cv-1187-T-26TBM

HILLSBOROUGH COUNTY, FLORIDA,
and KEVIN WHITE,

    Defendants.

_____/

## PLAINTIFF'S MOTION TO TAX ATTORNEYS' FEES AND COSTS

Plaintiff, ALYSSA L. OGDEN, by and through her undersigned attorney requests that the Court enter a Judgment for attorneys' fees and costs against Defendants, HILLSBOROUGH COUNTY, FLORIDA and KEVIN WHITE, under 42 U.S.C. §1988 pursuant to Fed. R. Civ. P. 54(d), and M.D. Fla. L.R. 4.18. In support of her motion, Plaintiff states the following:

**I.**    **Entitlement to Attorneys' Fees**

On August 21, 2009, the Jury in this case entered a Verdict in favor of Alyssa Ogden finding that Defendants had discriminated against her under §1983 based upon tangible job detriment sexual harassment. The Jury awarded $75,000.00 in damages, consisting of $60,000.00 for emotional harm and $15,000.00 for past medical expenses. This jury award was slightly more than 50% of the $145,000.00 that Plaintiff requested from the Jury.

This case was aggressively defended by the Defendants, who from the very beginning, with resources far superior to that of Plaintiff, fought tooth and nail on virtually every factual and legal issue. Although an aggressive defense is certainly not to be complained of, the

ensuing litigation required that Plaintiff's counsel expend considerable time and resources to prosecute this matter. Plaintiff's counsel was sometimes up against four opposing attorneys. In June of 2008, the case was removed by Defendants to this Court. Thereafter, the Defendants each filed motions to dismiss, raising among other things, various §1983 issues. Defendants' motions were denied by the Court. On July 21, 2008, a Case Management Order was entered.

The case involved intense litigation and at least twelve depositions were taken, including two that were videotaped. Plaintiff's deposition was taken for 2 days and lasted for about 11 hours. Defendants took Plaintiff's mother's deposition which lasted over 4 hours. The parties traveled to Atlanta for another deposition. The parties engaged in substantial written discovery and document production. Hearings were held on discovery motions. The Defendants filed motions for summary judgment which dealt with, among other things, the complex law of §1983. During the briefing on summary judgment, Plaintiff withdrew her claim of retaliation which was factually and legally redundant to her tangible job detriment claim. The Court denied Defendants' motions for summary judgment.

On August 17, 2009, the trial commenced and lasted five intense days. As reflected by the parties' trial briefs, many legal and factual issues arose at trial. Throughout this litigation this case involved a case within a case since Defendants chose as one of their main defenses that a third person was actually the source of romantic interest in Plaintiff, rather than White. On August 21, 2009, the Jury returned a Verdict in Plaintiff's favor. On August 24, 2009, the Clerk entered Judgment in favor of Plaintiff against Defendants.

Counsel for Plaintiff has conferred with counsel for the Defendants regarding their willingness to agree to any of the requested hours, hourly rates or costs sought to be awarded in

this case. The parties have not been able to come to any agreement regarding Plaintiff's motion to tax attorneys' fees and costs.

## II. Reasonable Award of Attorneys' Fees

42 U.S.C. §1988 allows for a fee award to the "prevailing party" in suits brought for the vindication of civil rights. Smalbein v. City of Daytona Beach, 353 F.3d 901, 903 (11th Cir. 2003). Prevailing plaintiffs' attorneys are presumptively entitled to fees. Duncan v. Poythress, 777 F.2d 1508 (11th Cir. 1985). A liberal standard applies in determining the amount of fees. Yates v. Mobile County Personnel Board, 712 F.2d 1530, 1532 (11th Cir. 1983).

In Blanchard v. Bergeron, 489 U.S. 87, 96 (1989), the Supreme Court noted that, "Congress has elected to encourage meritorious civil rights claims because of the benefits of such litigation for the named plaintiff and for society at large, irrespective of whether the action seeks monetary damages."

The Eleventh Circuit has adopted a three-pronged approach to assessing a plaintiff's fee application under 42 U.S.C. §1988. Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000). Under the approach, the threshold issue is whether the plaintiff qualifies as a "prevailing party" within the meaning of the statute. The second step requires the court to calculate the "lodestar" by multiplying the reasonable hourly rate times the number of hours reasonably expended on the litigation. Blum v. Stenson, 104 S.Ct. 1541 (1984). Third, the court must determine whether an adjustment to the lodestar is necessary "to account for other considerations that have not yet figured in the computation, the most important being the relation of the results obtained to the work done." Dillard, 213 F.3d at 1353 (citing to Hensley v. Eckerhart, 103 S.Ct. 1933 (1983)).

A fee applicant bears the burden of proving the reasonableness of the amount requested. Although a district court has broad discretion in determining the amount of an award, it must articulate the reasons underlying its decisions to allow for appellate review. Norman v. Hous. Authority of Montgomery, 836 F.2d 1292 (11th Cir. (1988).

### A. Prevailing Party

Where a plaintiff has achieved success on the merits of the claim and has obtained a judgment, either in the form of damages or equitable relief, prevailing party status has been achieved. Salvatori v. Westinghouse Electric Corp., 190 F.3d 1244, 1245 (11th Cir. 1999). Once success has been won on a single substantive claim, she qualifies as a prevailing party. Fuffin v. Great Dane Trailers, 969 F.2d 989 (11th Cir. 1992). The attorneys' fees need not be proportional to the damages recovered by the plaintiff. City of Riverside v. Rivera, 477 U.S. 561, 575 (1986). (Approximately $245,000 in fees awarded where $33,350.00 in damages recovered). See also Wales v. Jack M. Berry, Inc., 192 F.Supp.2d 1313 (M.D. Fla. 2001) (citing cases where attorneys' fees were several multiples more than damages awarded). The amount awarded is relevant to the amount of attorneys fees awarded when there is only limited success. See Popham v. City of Kennesaw, 820 F. 2d 1570, 1581 (11th Cir. 1987). (Plaintiff awarded only 1.5% of damages requested; prevailed on only one of nine claims submitted to the jury; and unsuccessful against municipality).

In this case the Jury found that Plaintiff had suffered tangible detriment sexual harassment and awarded her $75,000.00 in damages. Plaintiff is a "prevailing party."

### B. The "Lodestar"

The starting point for calculating reasonable attorneys' fees is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorneys'

services. Hensley v. Eckerhart, 461 U.S. at 424, 434 (1983); accord ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The product of these two numbers is commonly termed the base figure or "lodestar." Pennsylvania v. Delaware Valley Citizen's Council, 478 U.S. 546, 563 (1986).

The first "lodestar" factor considered is the hourly rate. "[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation." Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting Norman, 836 F.2d at 1299). Second, the court must next consider the reasonableness of the hours expended. It is appropriate for the court to exclude excessive, redundant, and unnecessary hours; hours which are inadequately documented; and hours which would be unreasonable for an attorney to bill the client in the exercise of good billing judgment. See Hensley, 461 U.S. at 434; Duckworth, 97 F.3d at 1397; Norman, 836 F.2d at 1301. In reviewing petitions for attorney's fees, the court exercises its discretion in determining what constitutes reasonable hours. Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387 (11th Cir. 1997).

### 1. Reasonable Hourly Rate

Plaintiff submits that $375.00 per hour is a reasonable hourly rate for the professional services of Ronald W. Fraley, and $225.00 per hour for Mitchell L. Fraley. Affidavits from at least two (2) highly experienced attorneys will be filed regarding the issue of a reasonable attorneys' fee.

"[A] reasonable hourly rate. . . . is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation." Norman, 836 F.2d at 1299). A fee applicant bears the burden of producing

"satisfactory evidence" that the requested rate is consistent with the prevailing market rate. Barnes, 168 F.3d at 427. Satisfactory evidence includes opinion evidence of reasonable rates or direct evidence of rates charged by lawyers with similar skill under similar circumstances. Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996) (citing Norman, 836 F.2d at 1299). "[A] civil rights case involving a single plaintiff may require analogies to other areas of representation with the absence of 'ongoing relationship between the attorney and the client.'" Duckworth, 97 F.3d at 1396 (citing Norman, 836 F.2d at 1300). Ultimately, determination of the reasonable hourly rate is within the sound discretion of the Court.

In determining a reasonably hourly rate, the Eleventh Circuit Court of Appeals has provided a list of factors for the district courts to consider. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-10 (5th Cir. 1974), *abrogated on other grounds*, Blanchard v. Bergeron, 489 U.S. 87, 94(1989). Although some courts now apply these factors only in determining whether to grant an enhancement to the lodestar, the Supreme Court has stated that these factors usually are subsumed in the lodestar calculation. Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 565, 106 S.Ct.3088, 92 L.Ed.2d439 (1986). *See* Farley v. Nationwide Mut. Ins. Co., 197 F.3d1322, 1340 7 (11th Cir.1999) ("The [trial] court properly considered the reasonable attorney fee guidelines the former Fifth Circuit outlined in Johnson, which we have subsequently adopted for reasonable fee determinations for prevailing parties"); Carey v. Rudeseal, 721 F.Supp. 294, 298-99 (N.D.Ga. 1989) ("The Eleventh Circuit has indicated that some of the factors set out in Johnson may still have utility in establishing the hourly rate at which a prevailing attorney should be compensated. This is particularly true when there is an issue as to the appropriate rate.")

The twelve Johnson factors are as follows: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases. Johnson, 488 F.2d at 717-19; accord Farley, 197 F.3d at 1340 n. 7; Gaines v. Dougherty County Bd. Of Ed., 775 F.2d 1565, 1571 n. 13 (11th Cir. 1985); Jones v. Central Soya Co., 748 F.2d 586, 588 n. 1 (11th Cir. 1984); Dowdell v. City of Apopka, 698 F.2d 1181, 1187 n. 8 (11th Cir. 1983). These factors are taken verbatim from an earlier version of the American Bar Association Code of Professional Responsibility, Disciplinary rule 2-106, which guides attorneys in deciding upon a reasonable fee for legal services.

a. **Time and Labor Required**

The affidavits of Plaintiff's counsel itemize the time spent litigating, preparing for trial, and in the trial of the case. As the affidavits illustrate, this case consumed a significant number of attorney hours. Ronald W. Fraley handled the litigation of this case. See Affidavit of Ronald W. Fraley as Exhibit "A." At trial Defendants were represented by three attorneys. This case required a significant amount of attorney time because of the aggressive defense, the number of issues and the number of witnesses involved. In addition, this case required a large amount of formal and informal discovery, investigation and trial preparation. During the litigation of this case and at trial, counsel for Plaintiff was up against highly

competent and experienced trial counsel. Virtually every fact and issue was contested which required a tremendous amount of time, energy, attention and persistence.

### b. Novelty and Difficulty of Questions

Employment cases are unique and inherently difficult to prove. That is especially true in the area of §1983 litigation that involves questions of Constitutional Law. Although the fundamental issue in a tangible job detriment sexual harassment case is motive, which normally involves issues of credibility, the many legal and factual defenses chosen by the Defendants made it difficult for Plaintiff to obtain a favorable verdict. Plaintiff was required to prove that Defendants terminated Plaintiff because she had rejected sexual advances by a public official. Instead of a mere denial of wrongdoing, Defendants went on the offensive. Kevin White offered a complete story in opposition to Plaintiff's claims that had to be challenged and disproved. Defendants claimed that Plaintiff was not discriminated against, but instead was terminated for poor performance. The issue of liability was made difficult not only by the denial of any discrimination by the Defendants' attorneys and their witnesses, but by the assertion that a third person was the responsible party.

### c. Skill Required

Given the fact that Defendants denied almost all elements of Plaintiff's cause of action, significant trial and litigation skills were required to adequately represent the Plaintiff in this matter. The Defendants were represented throughout this case by two highly experienced and highly competent counsel and at trial by three such attorneys.

### d. Preclusion of Other Cases

As stated above, the instant case required for adequate prosecution a substantial number of attorney hours. As reflected by the attached affidavit of the undersigned,

the firm accepts a select limited number of cases to be handled by Ronald W. Fraley. Acceptance of the instant matter thereby precluded the firm's work on other cases.

### e. Customary Fee

The customary fee for counsel representing Plaintiff's in §1983 litigation matters such as this depends on the experience and skill level of the involved attorneys. There are few law firms in the Tampa Bay Area that take §1983 Plaintiff employment litigation law matters on a full contingency fee basis and advance thousands of dollars in costs. There are few Hillsborough County law firms that have the civil litigation experience or success in this area of the law.

Ten years ago, in <u>Manning v. The School Board of Hillsborough County, Florida</u>, Case No.: 58-3554-CIV-T-17 (M.D. Fla. 1999), the Court found that the range of hourly rates for attorneys in this market involving similar civil rights litigation to be $150.00 to $400.00.[1] For less experienced attorneys, the range of hourly rates was held to be from $150.00 to $240.00. The hourly fee requested herein is "the rate charged in the community by lawyers of reasonably comparable skill, experience, and reputation for similar services."

Attorney Ronald W. Fraley has practiced in the area of Labor and Employment Law since 1988. He graduated from Stetson University College of Law where he was a member of the Law Review. During his first few years of practice, he worked for a law firm that exclusively represented management in Employment Law. As Ronald Fraley's Affidavit attests he has had jury trials in many different areas of the law. He serves as a Hearing Officer with the City of St. Petersburg Human Relations Office where he adjudicates cases involving employment discrimination. He has appeared before the Eleventh Circuit

---

[1] Chief Judge Kovachevich determined this range for hourly rates with regard to civil rights class action lawsuits. In this 1999 decision, the lead attorney's hourly rate was held to be $300.00 per hour.

9

Court of Appeals to argue cases of significance involving Employment Law matters. Ronald W. Fraley has a substantial amount of experience in the litigation and trial of Employment Law cases.

### f. Amount Involved and Results Obtained

The degree of success is relevant to a determination of attorneys' fees. Villano v. City of Boynton Beach and Miller, 254 F. 3d 1302 (11th Cir. 2001). In Villano the Eleventh Circuit distinguished Popham v. City of Kennesaw, 820 F. 2d 1570 (11th Cir. 1987), on the basis that the plaintiff in Popham recovered only 1.5% (See Popham at 1581) of the damages requested and did not prevail against the municipality, undermining the "public benefit" of the lawsuit. Villano at 1307. In addition, the Villano court distinguished Popham on the basis that the plaintiff in Popham prevailed on only one of eight claims submitted to the jury. Villano at 1307.

A jury award of $75,000.00 to Alyssa Ogden is certainly quite favorable when it is considered that $145,000.00 was requested. Of this award, the Jury attributed $60,000.00 to emotional harm which is not nominal or insubstantial in an employment related case. The award in Ogden's case is much more similar to the award in Villano at 1307, ($40,000.00 awarded based upon request for $174,741.00) Moreover, Plaintiff has been vindicated in her assertion that her constitutional right to equal protection was violated by a public official and the County. Plaintiff submits that the analysis in Villano should be applied as a more analogous case in terms of the degree of success, the claims prevailed upon and the public benefit obtained.

### g. Undesirability of Case

Given the uncertain outcome of employment cases, especially those involving the potential pitfalls of §1983, Plaintiff's case could reasonably be classified at its inception as "undesirable" given the facts and case law at issue. Moreover, Plaintiff is a twenty-four year old female, who was twenty-two when Ronald W. Fraley committed to devote a substantial amount of time and eventually advance over $13,461.41 in costs to prosecute this matter. Had there been a defense verdict, The Fraley Firm, P.A. would have received nothing for the substantial amount of time and costs invested.

### h. Contingency Fee Relationship

The attorney/client relationship between Plaintiff and The Fraley Firm, P.A. began with the execution of the contingency fee contract. Over a year and one-half passed prior to the jury trial of this matter. The Fraley Firm, P.A. agreed to have it's costs and expenses as well as fees in this matter be compensated by Plaintiff only upon the contingency of success on her behalf.

### i. Length of Professional Relationship with Client

As supported by the attached affidavit of Ronald W. Fraley. The Fraley Firm, P.A. has represented Plaintiff since November of 2007.

### j. Fees

The Plaintiff requests that the Court determine that the "lodestar" attorneys' fee be calculated as follows:

Ronald W. Fraley $375.00/hour x 521.10 = $195,412.50

Mitchell L. Fraley $225.00/hour x 11.60 = $2,610.00

## 2. Reasonable Hours

"All reasonable expenses and hours incurred in case preparation, during the course of the litigation, or as an aspect of settlement of the case may be taxed as costs. ACLU of Ga. v. Barnes, 168 F. 3d 423, 427 (11th Cir. 1999). As to the work performed, compensable activities including pre-litigation services in preparation of filing the lawsuit, background research and factual investigation, productive attorneys discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorneys' fees. City of Riverside v. Rivera, 477 U.S. 561, 573 n. 6 (1986) (allowing compensation for productive attorney discussions and strategy conferences); Webb v. Board of Ed., 471 U.S. 234, 243, 105 S.Ct., 1923, 85 L.Ed.2d 233 (1985) (allowing compensation for pre-litigation services in preparation of suit); Cruz v. Hauck, 762 F.2d 1230, 1233-34 (5th Cir. 1985) (holding that measures to enforce judgment are compensable); New York State Assoc. for Retarded Children v. Carey, 711 F.2d 1136, 1146 & n. 5 (2d Cir. 1983) (allowing compensation for background research and reading in complex cases); Brewster v. Dukakis, 544 F. Supp. 1069, 1079 (D. Mass. 1982) (compensating for negotiation sessions), Aff'd as modified, 786 F. 2d 16,21 (1st Cir. 1986); In Re Agent Orange Prod. Liab. Litig. 611 F.Supp.1296, 1321, 1348 (E.D.N.Y. 1985) (compensating routine activities such as telephone calls or reading mail that contribute to the litigation).

As with attorneys' work, the hours expended by the paralegals, law clerks, and other paraprofessionals are also compensable to the extent these individuals are engaged in work traditionally performed by an attorney. Missouri v. Jenkins, 491 U.S. 274, 285 (1989); Ean v. Nelson, 863 F. 2d 759, 778 (11th Cir. 1988). Ronald W. Fraley did not employ others to

perform this work except Mitchell Fraley to research some evidentiary issues. With the exception of routine office overhead normally absorbed by the practicing attorney, "all reasonable expenses incurred in case preparation during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988" and "the standard of reasonableness is to be given to liberal interpretation." NAACP v. City of Evergreen, 812 F.2d 1332, 1337 (11th Cir.1987) (quoting Dowdell v. City of Apopka, 698 F. 2d 1181, 1192 (11th Cir. 1983)).

Federal courts "have consistently held that attorney may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee [i.e.] for time spent on the fee application and successful fee appeals." Thompson v. Pharm. Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003); Prandini v. Nat'l Tea Co., 585 F.2d 47, 53 (3d Cir. 1978).

Counsel for Plaintiff have filed affidavits in support of this motion, and a billing statement itemizing the attorneys fees that details the number of hours reasonably spent in prosecuting the case. (See Exhibit "B"). The reasonable number of hours for Ronald W. Fraley is 521.10 hours (See Exhibit "A"). The reasonable number of hours for Mitchell L. Fraley is 11.60 hours. An affidavit for Mitchell L. Fraley is attached hereto as Exhibit "C."

In support of the hourly rate and hours worked in this case, Plaintiff sought the opinion of Matthew Farmer an attorney with substantial experience in §1983 litigation. Mr. Farmer reviewed the file in this case, as well as the billings, and believes that the hourly rate and hours billed are reasonable for this case. The affidavit of Matthew Farmer is attached hereto as Exhibit "D." Plaintiff is presently seeking a second opinion from a second attorney with regard to the reasonable hourly rate and hours billed.

## III. Costs and Expenses

Section 1920 allows the taxing of certain costs incurred in an action, including clerk fees, court reporter fees (if the transcript is necessarily obtained for use in the case), witness fees, charges for copies (if necessarily obtained for use in the case), and compensation of certain court appointed experts and interpreters. (28 U.S.C. §1920). In Duckworth, the Eleventh Circuit held that charges such as those for general copying, computerized legal research, postage, and other miscellaneous expenses (like parking) are not taxable. Duckworth, 97 F.3d at 1399 (11th Cir. 1996).

Under 42 U.S.C. §1988, however, the prevailing party is entitled to recover much more in the way of litigation expenses, "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988' and 'the standard of reasonableness is to be given a liberal interpretation.'" NAACP v. City of Evergree, 812 F.2d 1332, 1337 (11th Cir. 1987) (alteration in original and internal citations omitted). In other words, any expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed under section 1988. See Abrams v. Lightolier v. Lightolier, 50 F.3d 1204, 1225 (3d Cir. 1995). See Abrams v. Lightolier, 50 F.3d 1204, 1225 (3d Cir. 1995).

Counsel for Plaintiff has determined that pursuant to Section 1920, and the case law interpreting that statute, expert witness fees are not recoverable.

Plaintiff requests entry of an order awarding all costs and expenses expended by Plaintiff in prosecuting this matter in the total sum of $10,142.86. For an itemization of the costs see the attached Bill of Costs and attachments thereto. (See Exhibit "E.").

## V. Summary

Wherefore, based on the law and the evidence presented in the attached affidavits, Plaintiff requests that the Court enter judgment against the Defendants for prevailing party's attorneys fees incurred by Plaintiff through her attorneys The Fraley Firm, P.A. in the total amount of $198,022.50 (One-Hundred and Ninety-Eight Thousand and twenty-two and 50/Dollars), for costs in the total amount of $10,142.86 (Ten Thousand and One Hundred and forty two and 86/ dollars).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2nd, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Claire Saady, Saady & Saxe, P.A., 205 Crystal Grove Boulevard, Lutz, Florida 33548 and Steven G. Wenzel, 1110 N. Florida Avenue, Suite 300, Tampa, FL 33602.

_/s/ Ronald Fraley_
RONALD W. FRALEY
FLORIDA BAR NO.: 0747025
2525 Park City Way
Tampa, FL 33609
rfraley@fraleylawfirm.com
(813) 229-8300 Telephone
(813) 871-1495 Facsimile
Attorney for Plaintiff